UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Basem Najjar,

        Plaintiff,

vs.                                                    REPORT AND RECOMMENDATION

J.F. Caraway, Warden,Captain
Alan Pratter, Lieutenant (Acting)
Warren Post, Unit Manager
Patricia Smith, Correctional
Officer Kalen Johnson, and
Correctional Officer J. Capaigne,

        Defendants.              Civ. No. 06-403 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


I.  <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Plaintiff's "Complaint For Violation Of Civil Rights

Under 42 U.S.C. 1983." <u>Docket No. 1</u>.

For reasons which follow, we recommend that the Plaintiff's Complaint be dismissed pursuant to Title 28 U.S.C. §1915A.

## II. Factual and Procedural Background

The Plaintiff, who is an inmate at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"), is attempting to sue six (6) individuals who are -- or recently were -- employed at FPC-Duluth. He is seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and has alleged that the Defendants violated his rights under the Federal Constitution.

The Plaintiff alleges that, sometime during his confinement at FPC-Duluth, some other inmates, whose identity apparently is unknown, broke into the Plaintiff's "assigned secured locker," and stole some of his personal property. The Plaintiff alleges that the value of the stolen property is $299.60.

The Plaintiff is presently claiming that the Defendants violated his constitutional rights under the Eighth Amendment, by failing to take adequate precautions to ensure that his property would not be stolen. He contends that "the Defendants were and are being deliberate indifference [sic] toward his safety and well-being by failing to protect him from the violence of the hands of other prisoners, by permitting his personal property that was securely locked in his assigned living quarters to be stolen by other

prisoners while in there [sic] custody."  <u>Complaint</u>, at p. 6.  The Plaintiff is seeking a

Judgment against the Defendants in the amount of $299.70, plus "the cost and

disbursement incurred herein."

## III.  <u>Discussion</u>

Since the Plaintiff is a prisoner, who is seeking redress from parties who are

government employees, his pleading must be screened pursuant to Title 28 U.S.C.

§1915A.  Section 1915A, which is part of the Prison Litigation Reform Act of 1995,

("the PLRA"), requires Federal Courts to review a plaintiff's pleading in every civil

action, which is brought by a prisoner against governmental entities and/or employees,

"before docketing, if feasible or, in any event, as soon as practicable after docketing."

<u>Title 28 U.S.C. §1915A(a)</u>.  The Court must determine which aspects of the pleading

are actionable, and should be allowed to proceed.  To the extent that the Plaintiff has

failed to plead a cognizable claim, his case must be dismissed.  <u>Title 28 U.S.C.</u>

<u>§1915A(b)(1) and (2)</u>.

Here, the Plaintiff's Complaint alleges that the Defendants violated his

constitutional rights under the Eighth Amendment by failing to adequately protect his

personal property against theft by other inmates.  The Eighth Amendment guarantees

that prisoners will not be subjected to "cruel and unusual punishment."  Prison

officials may violate a prisoner's Eighth Amendment rights if they are deliberately indifferent to a prisoner's health or safety, and thereby expose him to a serious risk of physical harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 337 (1994). However, the Eighth Amendment does **not** require prison officials to safeguard a prisoner's personal property. <u>Hunter v. Sherman</u>, 49 Fed.Appx. 611, 612 (6th Cir. 2002) (prisoner "cannot state a claim under the Eighth Amendment for deliberate indifference to the security of his property."); <u>Wa-Gino v. Arizona Department of Corrections</u>, 1996 WL 467701 at *1 (9th Cir., August 16, 1996)(same); see also, <u>Sloan v. Durkin</u>, 1996 WL 139245 at *2 (N.D. Ill., March 26, 1996)(the loss of an arrestee's property, "regardless of the cause, does not constitute cruel and unusual punishment under the eighth amendment."). Simply put, the Eighth Amendment does not protect a prisoner's property.

Since the Plaintiff has only alleged that the Defendants violated his Eighth Amendment rights by being deliberately indifferent to the security of his personal property, his Complaint fails to state a cause of action upon which relief can be granted. Accordingly, we recommend that this action be summarily dismissed pursuant to Section 1915A.

NOW, THEREFORE, It is  –

- 4 -

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be summarily dismissed pursuant to Title 28 U.S.C. §1915A(b)(1).

Dated:  February 16, 2006                s/Raymond L. Erickson

                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 6, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than March 6, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.