UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Basem Najjar,                                                            Civil No. 06-403 (PAM/RLE)

                                    Plaintiff,

        v.                                                            **MEMORANDUM AND ORDER**

J.F. Caraway, Alan Pratter, Warren Post,
Patricia Smith, Kalen Johnson, and J.
Capaigne,

                                    Defendants.

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Raymond L. Erickson, dated February 16, 2006, and on Plaintiff's Motion to Amend the Complaint. For the reasons that follow, the Court grants the Motion to Amend.

**BACKGROUND**

Plaintiff is incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). In his Complaint, he contends that other inmates broke into his secured locker and stole his personal property as a result of Defendants' failure to adequately patrol and police the inmate dorm units. Plaintiff asserts that Defendants violated his constitutional rights by showing deliberate indifference to his safety; specifically, Defendants purportedly knew of and disregarded excessive risks to his safety by inadequately supervising other inmates.

The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A. In the R&R, he recommended dismissing the Complaint because the Eighth Amendment does not

require prison officials to safeguard a prisoner's personal property.   Plaintiff objected to the R&R, asserting that FPC-Duluth is overcrowded and has an inadequate number of guards.   He also filed a Motion to Amend the Complaint under Federal Rule of Civil Procedure 15(a) to add allegations of overcrowding and inadequate staffing.

**DISCUSSION**

Plaintiff may amend his Complaint "once as a matter of course at any time before a responsive pleading is served."   See Fed. R. Civ. P. 15(a).   Accordingly, Plaintiff's Motion to Amend is granted, and he must file his amended complaint by May 1, 2006.   Because Plaintiff is permitted to file an amended complaint as a matter of course, the Court may not proceed on the original Complaint.   Additionally, because Plaintiff did not file an amended complaint with his Motion papers, the Court cannot address the new allegations

If Plaintiff does not file an amended complaint, the Court will dismiss this case with prejudice as recommended by the R&R.   The Court advises Plaintiff that the amended complaint will completely supersede and replace the original Complaint, and consequently, he must include all of his allegations and grounds for relief in the amended complaint.   Finally, the amended complaint will be screened under 28 U.S.C. § 1915A.

**CONCLUSION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Amend the Complaint (Docket No. 4) is **GRANTED**;

2.      Plaintiff is permitted until May 1, 2006, to file an amended complaint; and

3.      This matter is recommitted to the Magistrate Judge to screen the amended

complaint under 28 U.S.C. § 1915A.


Dated: <u>April 13, 2006</u>


<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge