UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Basem Najjar,                                             Civil No. 06-403 (PAM/RLE)

           Plaintiff,

           v.                                              **MEMORANDUM AND ORDER**

J.F. Caraway, Alan Pratter, Warren Post,
Patricia Smith, Kalen Johnson, and J.
Capaigne,

           Defendants.

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Raymond L. Erickson, dated February 16, 2006. For the reasons that follow, the Court adopts the R&R and dismisses this case with prejudice.

Plaintiff is incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). In his Complaint, he contends that other inmates broke into his secured locker and stole his personal property because Defendants did not adequately patrol and police the inmate dorm units. Plaintiff asserts that Defendants violated his constitutional rights by showing deliberate indifference to his safety, specifically by inadequately supervising other inmates.

The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A. In the R&R, he recommended dismissing the Complaint because the Eighth Amendment does not require prison officials to safeguard a prisoner's personal property. Plaintiff objected to the

R&R, asserting that FPC-Duluth is overcrowded and has an inadequate number of guards. He also filed a Motion to Amend the Complaint under Federal Rule of Civil Procedure 15(a) to add allegations of overcrowding and inadequate staffing. The Court granted Plaintiff's Motion to Amend and instructed Plaintiff to file his amended complaint by May 1, 2006. The Court warned Plaintiff that if he did not file an amended complaint, the Court would dismiss the case with prejudice as recommended by the R&R. The Court further warned Plaintiff that the amended complaint would completely supersede and replace the original Complaint, and consequently advised Plaintiff to include all of his allegations and grounds for relief in the amended complaint.

On May 3, 2006, Plaintiff filed a "Memorandum of Law in Support for Civil Complaint Pursuant to Bivens v. Six Unknown Federal Narcotic Agents." This document cannot be construed as an amended complaint. It is a memorandum of law, which fails to cure the deficiencies noted in the R&R. Because Plaintiff has not heeded this Court's detailed instructions on filing an amended complaint, the Court will proceed on the original Complaint.

The Court overrules Plaintiff's Objections and adopts the R&R because the Complaint does not state a claim under the Eighth Amendment. A prison official's failure to protect an inmate's personal property does not constitute deliberate indifference to the inmate's health or safety as contemplated by the Eighth Amendment. Hunter v. Sherman, 49 Fed. Appx. 611, 612 (6th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994) (stating that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm")); Wa-Gino v. Az. Dep't of Corr., No. 95-16931, 1996 WL 467701, at *1 (9th Cir. Aug.

16, 1996).  Regarding any general allegations against overcrowding or inadequate staffing, Plaintiff simply has not stated an injury-in-fact, personal to him, caused by Defendants' conduct.  Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 2) is **ADOPTED**;

2. Plaintiff's Objections (Docket No. 3) are **OVERRULED**; and

3. This case is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 25, 2006

                                               s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge